FRANCIS L. McGOVERN, D. S. *vs.* ASSAD MICHAEL, *et al.*

FEBRUARY 18, 1938.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

FLYNN, C. J. This action at law was brought to recover for alleged breach by the defendants of the conditions in a replevin bond executed by them. In the superior court a verdict for the plaintiff was directed by the trial justice, to which ruling the defendants duly excepted. It has been heard here upon two motions of the plaintiff filed in this court: (1) to dismiss the defendants' bill of exceptions and (2) for a hearing upon the question of the truth of the transcript and the sufficiency thereof.

The plaintiff contends that the defendants have brought to this court a transcript which is insufficient to properly determine the validity of their exceptions; and that thereby they have failed to comply with the mandatory provisions of general laws 1923, chapter 348, sec. 17, which are conditions precedent to the bringing of a bill of exceptions.

An inspection of the bill of exceptions and transcript, and the allowance thereof by the trial justice of the superior court, without condition or qualification and presumably without objection from the plaintiff after he had due notice of the hearing thereon, makes it appear, at least *prima facie,* that the defendants and trial justice have literally complied with the provisions of the above statute. In such circumstances the bill of exceptions and transcript are here properly and entitle the defendants to a hearing. The first motion of the plaintiff, to dismiss the defendants' bill of exceptions, therefore must be denied.

With respect to the second motion, we do not find in the statute the exact words that are used in the motion for "hearing on the question of the truth of the transcript and the sufficiency thereof." If, in the circumstances of this case, this

motion is proper to raise the question involved, we see no reason why it cannot be considered to better advantage when the defendants' exceptions are heard upon their merits.

The plaintiff may, if he wishes, include in his brief for hearing upon the validity of the defendants' exceptions the questions raised by this motion. The second motion for hearing upon the insufficiency of the transcript is therefore denied without prejudice.

*Benjamin Cianciarulo, Aram A. Arabian,* for plaintiff.

*Frank H. Wildes,* for defendants.